IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **PHILIP WHITLOCK,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:14-CV-2298-L** |
| | § | |
| **THAT TOE COMPANY, LLC and** | § | |
| **MUHAMMED ALI,** | § | |
| | § | |
| Defendants. | § | |

## **MEMORANDUM OPINION AND ORDER**

Before the court is Defendants' Motion to Dismiss ("Motion"), filed September 19, 2014. After careful consideration of the motion, pleadings, record, and applicable law, the court **grants** Defendants' Motion to Dismiss and **orders** that an amended complaint be filed by **May 19, 2015.**

### I.     Factual and Procedural Background

####      A.     Procedural Background

On June 24, 2014, Plaintiff Philip Whitlock ("Plaintiff") filed his Original Complaint, alleging that Defendants That Toe Company LLC ("That Toe Company") and Muhammed Ali ("Ali") (collectively, "Defendants") failed to pay him for overtime in violation of the Fair Labor Standards Act ("FLSA").

####      B.     Factual Background

Plaintiff alleges that he worked as a "Roadside Assistance" worker from February 2014 through April 2014. He asserts that "[d]uring one or more weeks Plaintiff's employment with Defendants wherein [he] worked overtime hours, Defendants failed to pay [him] one and one-half times his regular rate of pay for each overtime hour worked." Pl.'s Compl. ¶ 10.

**Memorandum Opinion and Order - Page 1**

## II.     Standard for Rule 12(b)(6) - Failure to State a Claim

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted). When the allegations of the pleading do not allow the court to infer more than the mere possibility of wrongdoing, they fall short of showing that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 679.

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F.3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197

F.3d 772, 774 (5th Cir. 1999). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). In this regard, a document that is part of the record but not referred to in a plaintiff's complaint *and* not attached to a motion to dismiss may not be considered by the court in ruling on a 12(b)(6) motion. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 820 & n.9 (5th Cir. 2012) (citation omitted).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). Stated another way, when a court deals with a Rule 12(b)(6) motion, its task is to test the sufficiency of the allegations contained in the pleadings to determine whether they are adequate enough to state a claim upon which relief can be granted. *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977); *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996), *rev'd on other grounds*, 113 F.3d 1412 (5th Cir. 1997) (en banc). Accordingly, denial

of a 12(b)(6) motion has no bearing on whether a plaintiff ultimately establishes the necessary proof to prevail on a claim that withstands a 12(b)(6) challenge. *Adams*, 556 F.2d at 293.

### III. Analysis

Defendants argue that Plaintiff fails to state a claim upon which relief can be granted. Plaintiff seeks overtime compensation under the FLSA. The FLSA requires employers to compensate employees for overtime worked in excess of 40 hours per week. 29 U.S.C. § 207. An employer who violates the provisions of section 207 of the FLSA is liable to the employee or employees in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and liquidated damages. 29 U.S.C. § 216.

Plaintiff must allege sufficient facts to support his claim. "An employee bringing an FLSA action for unpaid overtime compensation 'must first demonstrate that []he has performed work for which []he alleges []he was not compensated.'" *Chambers v. Sears Roebuck and Co.*, 428 F. App'x 400, 408 (5th Cir. 2011) (*citing Harvill v. Westward Commc'ns, LLC*, 433 F.3d 428, 441 (5th Cir.2005)).

To state a claim for FLSA violations, a plaintiff must also plead facts to support individual or enterprise coverage. "The FLSA guarantees overtime pay to employees engaged in the production of goods for commerce ('individual coverage') or employed in an enterprise engaged in commerce or in the production of goods for commerce ('enterprise coverage')." *Martin v. Bedell*, 955 F.2d 1029, 1032 (5th Cir. 1992) (internal quotation marks and emphasis omitted). "Commerce" under the FLSA means interstate commerce. 29 U.S.C. § 203(b) (defining "commerce" to mean "trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof"). "Either individual or enterprise coverage is enough to invoke

**Memorandum Opinion and Order - Page 4**

FLSA protection." *Id*. (emphasis omitted). To satisfy this requirement, a plaintiff must establish that he was either (1) engaged in the production of goods for commerce ("individual coverage"); or (2) employed in an enterprise engaged in commerce or in the production of goods for commerce ("enterprise coverage"). *Martin*, 955 F.2d at 1032.

Accepting the well-pleaded facts as true, Plaintiff's Complaint fails to state a claim upon which relief can be granted. Plaintiff asserts that he worked for Defendants from February 2014 to April 2014 and that he worked in excess of forty hours for one or more weeks.

Ultimately, Plaintiff's allegations are "[t]hreadbare recitals of the elements of a cause of action . . . ." *Iqbal*, 556 U.S. at 678. Plaintiff's Complaint is devoid of any reference to the hours he worked or the manner in which he worked overtime. Simply put, no facts support Plaintiff's allegations. *Cf. Flores v. Act Event Servs. Inc.*, No. 14-2412, 2014 WL 5343322, at *8 (N.D. Tex. Oct. 21, 2014) ("[Plaintiff's Complaint] specifically reference [plaintiff's] timesheets as evidencing her overtime hours and cite her work at the fair as an instance where the defendants failed to compensate her for travel time . . . .") (citation omitted).

Plaintiff's allegations with respect to enterprise coverage are likewise threadbare and conclusory. Plaintiff must plead facts to show that That Toe Company is an enterprise that:

> (A)(i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated)[.]

29 U.S.C. § 203(s)(1); *see also Morrow v. JW Electric Inc.*, No. 11-1988, 2011 WL 5599051, at *3 (N.D. Tex. Nov. 16, 2011) ("Rather than pleading specific facts that establish individual or enterprise coverage, plaintiff merely recites the statutory elements of FLSA coverage, or asserts generalized

**Memorandum Opinion and Order - Page 5**

facts that do not relate to the coverage issue") (citations omitted).  The following represents the entirety of Plaintiff's allegations concerning enterprise coverage:

> At all times pertinent to this complaint, THAT TOE COMPANY, LLC, was an enterprise engaged in interstate commerce. At all times pertinent to this Complaint, Defendants regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §203(r) and 203(s). Additionally, Plaintiff was individually engaged in commerce and his work was essential to Defendants' business.

Pl.'s Compl. ¶ 6.

These allegations, without more, are insufficient to state a claim upon which relief can be granted.  While Plaintiff makes reference to the relevant statute and asserts that he was engaged in commerce, Plaintiff does not specifically allege that That Toe Company had an annual gross volume of sales that is not less than $500,000, or any other facts to support his recitation of the law.  Instead, Plaintiff does no more than plead the statutory elements required for enterprise coverage.  *See Morrow*, 2011 WL 5599051, at *3 ("These averments are not allegations of fact that provide 'the grounds of his entitlement to relief'; they are nothing more than 'a formulaic recitation of the elements of a cause of action.'") (citations omitted); *see also id.* ("But [plaintiff] does not allege any facts demonstrating that he has handled goods that traveled in interstate commerce. Instead, [plaintiff] only makes conclusory allegations.").*

For the reasons herein stated, the court **grants** Defendants' Motion to Dismiss; however, the court will allow Plaintiff an opportunity to file an amended complaint.  Plaintiff **shall** file his

---

* The court is unpersuaded by the cases relied on by Plaintiff.  *See Qureshi v. Panjwani*, 08-3154, 2009 WL 1631798, at *3 (S.D. Tex. June 9, 2009); *McCollim v. Allied Custom Homes, Inc.*, No. 08-3754, 2009 WL 1098459, at *3 (S.D. Tex. Apr. 23, 2009).  In *Qureshi*, the plaintiffs alleged that they worked 70 hours and 88 hours a week, respectively, and that enterprise coverage was satisfied.  Here, Plaintiff has not even alleged the amount of hours he worked a week. At the same time, the court agrees with Plaintiff that he does not need to "set forth every single date upon which Defendants violated the FLSA . . . ." Pl.'s Resp. 6.  Plaintiff, however, has not set forth any facts to support his FLSA claim for overtime violations and instead relies on a bare recitation of the statutory elements under the FLSA.

**Memorandum Opinion and Order - Page 6**

amended complaint by **May 19, 2015,** in accordance with this opinion and order. If Plaintiff fails to file his amended complaint by this date, the court will dismiss Plaintiff's claims pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted or pursuant to Rule 41(b) for failure to prosecute or comply with a court order.

    **It is so ordered** this 28th day of April, 2015.

Sam A. Lindsay<br>
United States District Judge